ASHLEY E. BAUERLE
NV Bar No. 13823
COZEN O'CONNOR
1180 North Town Center Drive, Suite 260
Las Vegas, NV  89144
Telephone:  (800) 782-3366
Fax: (702) 470-2370
Email: abauerle@cozen.com

Attorney for Plaintiff
ACE AMERICAN INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASAP USA, INC.; and DOES 1 through 50,<br><br>Defendants. | Case No.: 2:26−cv−00803−BNW<br>(Assigned to The Honorable Brenda Weksler)<br><br>**JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Plaintiff, ACE American Insurance Company ("ACE"), and defendant ASAP USA, Inc. ("ASAP"), by and through their respective counsel of record, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to L.R.26-1(d) and Fed.R.Civ.P. 26(f).

## PROPOSED SCHEDULE

**1.** **Meeting**: Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on May 26, 2026, and was attended by Ashley Bauerle of Cozen O'Connor appearing telephonically on behalf of Plaintiff, ACE American Insurance Company, and Shanshan Liang, and Johnathan Foege of  LIANG + MOONEY, PLLC on behalf of Defendant, ASAP USA, Inc.

**2.** **Initial Disclosures**: The parties agreed that no changes to the form, content, or timing of the disclosures under FRCP 26(a) are necessary. As such, initial disclosures will be served by both parties on or before **July 27, 2026**. Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

////

**3.** **Areas of Discovery**: **(a) the allegations in Plaintiff's Complaint (b) liability; (c) damages.**

**4.** **Discovery Plan**: The Parties propose the following discovery plan:

**A.** **Discovery Cut-off Date(s):**

The parties agreed to deviate from the traditional discovery model of 180 days allowed under Local Rule 26-l(b)(l) because the case involves complex claims and extensive factual discovery. Specifically, issues of cause, liability and damages. Moreover, the matter of Defendant's 12(b)(6) motion to dismiss is not yet decided and an Answer has not yet been filed. Finally, the parties anticipate that this lawsuit may be ripe for early resolution discussion. The additional time requested will allow the parties to dutifully complete the necessary discovery before beginning informal settlement negotiations and/or formal mediation. The additional time in discovery will allow the parties to complete this settlement discussion prior to the close of discovery and avoid wasting the Court's time and resources.

The parties agreed that the traditional discovery model of 180 days does not afford the parties sufficient time to engage in discovery given the complexities of this case. As such, the parties agreed to 300 days of discovery.

Pursuant to Local Rule 26-1 (b)( 1), the date that defendant in this case appeared was **March 18, 2026**, when defendant filed its Notice of Removal. Based upon the parties' agreement to 300 days of discovery, this means all discovery must be completed by no later than **January 12, 2027**.

**B.** **Amending Pleadings or Adding Parties:**

Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date. Therefore, any such motion shall be filed not later than **October 14, 2026**.

**C.** **Disclosure of Expert Witnesses:**

Initial expert disclosures will be made by **November 13, 2026** - 60 days before the proposed discovery cut-off date. Rebuttal expert reports under Fed. R. Civ. P. 26 (a)(2)(D)(ii) will be exchanged by **December 14, 2026** - 30 days after the initial disclosure of experts.

////

**D.      Dispositive Motions:**

Dispositive motions must be filed within thirty (30) days after the close of discovery. Therefore, such motions shall be filed no later than **February 26, 2027**.

**E.      Pre-Trial Order:**

The parties will prepare a Joint Pre-Trial Order on or before **March 29, 2027**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pre-trial order.

**F.      Court Conference:**

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**5.      Extensions or Modifications of the Discovery Plan and Scheduling Order**: In accordance with L.R. 26-4, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date. Therefore, such stipulations or motions shall be made not later than **December 21, 2026**.

**6.      Other orders that should be entered by the Court under Rule 26fc) or under Rules 16(b) and (c)**: There may be the need for a confidentiality and protective order if Plaintiffs make a request for the disclosure of trade secrets and/or other confidential and protected information by Defendant during discovery. Absent the agreement on a confidentiality order by the parties. Defendant may file a motion for protective order pursuant to Rule 26(c).

**7.      E-discovery**: The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format (Adobe Acrobat) ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ("OCR") format.  If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

3

**8.**      **Clawback Agreement**: In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

If the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an in camera review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

If the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

**9.** **Alternative Dispute Resolution**: Pursuant to Local Rule 26-1 (b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and if applicable, early neutral evaluation.

**10.** **Alternative Forms of Case Disposition**: Pursuant to Local Rule 26-1 (b)(8), the parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**11.** **Electronic Evidence**: Pursuant to Local Rule 26-1 (b)(9), the parties certify that they agree to provide discovery in an electronic format compatible with the court's electronic jury evidence display system at trial.

Dated: June 3, 2026                    COZEN O'CONNOR


By: /s/ *Ashley E. Bauerle*
　　　ASHLEY E. BAUERLE
　　　1180 North Town Center Drive, Suite 260
　　　Las Vegas, NV  89144
　　　Telephone:  (800) 782-3366
　　　Email:  abauerle@cozen.com
　　　Attorneys for Plaintiff
　　　ACE AMERICAN INSURANCE COMPANY

Dated: June 3, 2026                    FISHERBROYLES, LLP and LIANG + MOONEY, PLLC


By: /s/ *Johnathan Foege*
　　　ADAM K. YOWELL
　　　9205 West Russell Road Building 3, Suite 240
　　　Las Vegas, Nevada 89148
　　　Telephone:  (866) 211-5914
　　　Email:  adam.yowell@fisherbroyles.com

　　　SHANSHAN LIANG (Pro Hac Vice)
　　　JOHNATHAN FOEGE  (Pro Hac Vice)
　　　2104 Delta Way, Unit 1
　　　Tallahassee, FL 32303
　　　Email: sliang@customcourt.com
　　　Email: jfoege@customscourt.com
　　　Tel: 850-893-0670

　　　Attorneys for Defendant
　　　ASAP USA, INC.

////

**ORDER**

Parties' proposed discovery plan and scheduling order above is GRANTED.


DATED: June 3, 2026


_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing **JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Adam Yowell<br>FisherBroyles, LLP<br>9205 W. Russell Rd.<br>Building 3, Suite 240<br>Las Vegas, NV 89148<br>Tel: 775-230-7364<br>Email: adam.yowell@fisherbroyles.com<br><br>Counsel for Defendant,<br>ASAP USA, Inc. | Shanshan Liang<br>Johnathan Foege<br>Liang + Mooney, PLLC<br>2104 Delta Way, Unit 1<br>Tallahassee, FL 32303<br>Tel: 850-893-0670<br>Email: sliang@customcourt.com<br>jfoege@customscourt.com<br><br>Counsel for Defendant,<br>ASAP USA, Inc. |

Dated: June 3, 2026                    COZEN O'CONNOR


By: /s/ *Ashley E. Bauerle*
      ASHLEY E. BAUERLE
      1180 North Town Center Drive, Suite 260
      Las Vegas, NV  89144
      Telephone:  (800) 782-3366
      Email:  abauerle@cozen.com

      Attorneys for Plaintiff
      ACE AMERICAN INSURANCE COMPANY

7